# NITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN POULSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-4172-JBM |
| | ) |
| GREGG SCOTT and EBONY BERRY, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*.  The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).  A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ANALYSIS**

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff alleges that Defendant Gregg Scott, the Rushville Program Director and Ebony Berry, the Head of the Rushville Property Department, have instituted a facility-wide unconstitutional ban on the use of Xbox 360 gaming systems and that he now has 23 essentially useless discs.

Plaintiff was detained at Rushville in 2010 when he first obtained an Xbox 360 gaming system. Plaintiff used it for a number of years with the "blessing" of his treatment team and psychiatrist. On an unidentified date, Plaintiff's Xbox ceased working. He spoke with Defendant Berry, requesting that he be allowed to send the console for repair or, in the alternative, to replace it with a new one. Defendant Barry told him he could do neither as Defendant Scott had instituted a new policy under which Xbox 360 systems were no longer allowed.

Plaintiff does not indicate when the ban went into effect but explains that it was initially done because the Xbox enabled access to prohibited "mature" ("MA") and restricted ("R") content, which was considered non-therapeutic. Plaintiff asserts, however, that there was a policy change, and the prohibition against MA and R materials has been lifted. Plaintiff attaches a July 24, 2019 Memorandum from Defendant Program Director Scott which corroborate this claim. The Memorandum details that residents who are not on restrictions may possess DVD movies, DVDs of network or cable television series, DVDs of streaming services, and video game discs, rated G, PG, PG-13, MA and R. [ECF 1 p. 9].

Plaintiff indicates that the ban on Xbox systems went into effect for the additional reason that the devices allowed for storage capabilities, something which was allegedly prohibited at the

institution. Plaintiff notes, however, that the Rushville commissary has 1 GB flash drives available for sale, something that would appear to discredit that particular reason for imposing the ban.

Plaintiff asserts that Defendants' ban on the Xbox 360 has violated his First Amendment rights. The Court notes that it has been recognized that, for civil detainees such as Plaintiff, "[v]ideo games and movies are forms of expression" afforded First Amendment protection. *Lewis v. Phillips*, No. 10-3163, 2014 WL 1283048, at *2 (C.D. Ill. Mar. 28, 2014), *aff'd in part, vacated in part, remanded sub nom. Brown v. Phillips*, 801 F.3d 849 (7th Cir. 2015). In *Brown*, the Seventh Circuit considered a Rushville detainee's objection to the ban on gaming consoles and DVDs with MA and R content. The Appellate Court applied the *Turner* test to determine whether the cited restrictions were "reasonably related to the state's interest in rehabilitation and security." *Id*. at 852 citing *Turner v. Safley*, 482 U.S. 78 (1987). The Court determined that Defendants had failed to provide sufficient evidence, at summary judgment, to establish the constitutionality of the ban on MA and R content.

The Seventh Circuit, however, found differently as to the ban on video game consoles. It noted that the game consoles were capable of internet access and that restricting such access was in furtherance of legitimate security interests and to prevent future crimes. The Court found that, without such a prohibition, detainees civilly committed for sexual offenses would be able to "contact victims of their crimes" and to "download, manipulate, share, and store *illegal* pornography…") (emphasis in original). *Brown* at 855.

The Court notes that the Xbox 360 gaming console has built-in Wi-Fi capability which can be used to wirelessly access the internet.[1] The system has been described as "a computer

---

[1] *https://en.wikipedia.org › wiki › Xbox_360.*

with hardware and software dedicated to the function of running video game software." It is, apparently, "[f]ar more than a video game console, the Xbox 360 is a total media center that allows users to play, network, rip, stream and download all types of media, including high-definition movies, music, digital pictures and game content.[2]

In *Brown,* the Seventh Circuit determined that, even if a game console were purchased without Wi-Fi hardware, "the consoles still could wirelessly connect to the internet by plugging into the console's Ethernet or USB port a device that would convert the cable-only device to a wireless device. A resident could then connect to the internet in several ways, including simply asking outsiders to emit a wireless signal from a cell phone in the parking lot." *Brown*, at 853. The prevailing caselaw in this Circuit supports the Rushville policy restricting detainees' access to internet-capable devices. As the policy has been considered by the Appellate Court and recognized as constitutionally sound, Plaintiff's claim is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot state a cognizable claim under these facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

---

[2] *https://electronics.howstuffworks.com/xbox-three-sixty.htm.*

11/25/2019                                  s/Joe Billy McDade
ENTERED                                     JOE BILLY McDADE
                                       UNITED STATES DISTRICT JUDGE